DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Taurean Robinson, appeals from the judgment of the Wayne County Municipal Court convicting him of sexual imposition in violation of R.C. 2907.06(A)(4). We affirm.
 I. {¶ 2} Appellant's conviction stems from an incident that occurred on June 19, 2003. Officer Roger Pauley was dispatched to a call in the 400 block of East Water Street in Orrville, Ohio. Upon arriving, the officer took the statement of Appellant and the victim, A.A., then fourteen years old. As a result of the victim's statement, Appellant was charged with sexual imposition. A bench trial was held on November 14, 2003. After trial, Appellant was convicted and on January 22, 2004 was sentenced to 60 days incarceration and adjudicated a sexually oriented offender. Appellant timely appealed, raising one assignment of error.
 II. ASSIGNMENT OF ERROR
"Appellant's conviction for sexual imposition was against the manifest weight of the evidence."
 {¶ 3} In his sole assignment of error, Appellant argues that his conviction is against the manifest weight of the evidence. We disagree.
 {¶ 4} When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 5} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 6} Appellant was convicted of sexual imposition in violation of R.C. 2907.06(A)(4) which reads as follows:
"No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
"The other person, or one of the other persons, is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of such person, and the offender is at least eighteen years of age and four or more years older than such other person."
 {¶ 7} Additionally, R.C. 2907.01(B) defines sexual contact as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
 {¶ 8} In the instant case, A.A. was the primary witness for the State. A.A. testified as follows. She was fourteen years old at the time of the incident. She was at her mother's house, waiting outside for her sister to exit from the home. Appellant then approached her. She was unaware of his real name, but testified that she knew him as "Bootie." She went on to properly identify "Bootie" as the Appellant. A.A. further testified that Appellant suggested that they hide from her sister and scare her when she exited the house. A.A. agreed and went to hide. Appellant then approached her and suggested that they hide together. While hiding together, Appellant grabbed A.A.'s buttocks. A.A. told Appellant not to touch her anymore, and Appellant stated that he would not. As such, the State provided evidence of both the victim's age and of sexual contact between the victim and Appellant.
 {¶ 9} Appellant argues that due to the fact that others testified that they did not witness the event, that the event must have been fabricated by the victim. However, no testimony was offered at trial to rebut the victim's testimony and the victim's testimony did not waiver under cross-examination. As such, we cannot say that the trial court lost its way in convicting Appellant of sexual imposition. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 10} Appellant's sole assignment of error is overruled, and the judgment of the Wayne County Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Batchelder, J., concur.